**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Oscar Perez-Marquez,

Petitioner

v.

Jo Gentry, et al.,

Respondents

2:17-cv-02335-JAD-CWH

**Order Granting Motion to Dismiss**

[ECF No. 13]

Pro se petitioner Oscar Perez-Marquez does not bring this habeas action to challenge his conviction, but to challenge the calculation of his statutory sentence credits and parole hearing dates. Respondents move to dismiss this petition as moot and for lack of exhaustion,[1] and Perez-Marquez has filed no opposition to that motion. After reviewing the motion to dismiss and the record, I grant the motion and dismiss this action with prejudice.

**Discussion**

Perez-Marquez's petition is subject to dismissal because he did not file an opposition to the motion to dismiss. Local Rule LR 7-2(d) provides that the failure of an opposing party—here, Perez-Marquez—to present points and authorities in response to a motion (with exceptions not relevant here) constitutes a consent to granting the motion. I apply the local rule and construe Perez-Marquez's failure to oppose the motion as his consent to granting it and dismissing this case.

Were I not to deny the motion to dismiss, I would deny Perez-Marquez's petition because it is without merit.[2] Perez-Marquez was sentenced to life with the possibility of parole after ten years

[1] ECF No.13.

[2]. Respondents contend that the petition is unexhausted because Perez-Marquez's appeal of the denial of his state post-conviction petition was dismissed as untimely. This argument makes logical sense because Perez-Marquez did not present his claim to the state's highest court via a procedural vehicle in which the merits of his claim would be considered. The state appellate courts do not have (continued...)

for second-degree murder. His term sentence on the drug-trafficking charge was imposed consecutively to the second-degree murder sentence; and his witness bribery or intimidation term sentence was imposed consecutively to the trafficking sentence.[3] Perez-Marquez thus will not start serving his second sentence unless and until he first is paroled from his life sentence for second-degree murder. With credit for time served, Perez-Marquez's life sentence for second-degree murder began running in September 2002. Perez-Marquez has not disputed that he was considered for parole ten years later in September 2012 and that he was again considered for parole in 2015, 2016, and September 2017.[4] He alleges that he "should have received 240 days good-time for each day [sic, he apparently means year] he served after his parole denile [sic] of which accumulated to (1200) good-time days, [and therefore] Mr. Marquez was only required to serve 625 days before his next parole board hearing."[5] Perez-Marquez's federal due-process claim therefore is based on the premise that his good-time credits determine when he will be reconsidered for parole under Nevada law.

Perez-Marquez's claim is fundamentally flawed. Accrued good-time credits do not determine when parole hearings are held following a denial of parole under Nevada law. When the

---

[2](...continued)
jurisdiction over an untimely appeal, and the merits of any claims raised by the appeal therefore could not be considered. As the argument would run, to exhaust the claim, a petitioner would have to file another petition in which he would have to show cause for his failure to timely appeal the denial of the first petition. I note, however, that the Supreme Court treated the situation of an untimely state post-conviction appeal as giving rise to a procedural default rather than a lack of exhaustion in *Coleman v. Thompson*, 501 U.S. 722 (1991). This distinction does not matter here, however, because I find that Perez-Marquez's claim lacks any conceivable merit and is therefore subject to dismissal under § 2254(b)(2).

[3] ECF No.14-6, at 26–27; State Court Return Exhibit 3 to Federal Court Exhibit 6.

[4] *See* ECF No. 1, at 4. Aside from the allegations in his petition, Perez-Marquez also has not disputed any of the procedural history outlined in the unopposed motion to dismiss.

[5] ECF No. 1, at 7.

parole board denies parole, it must schedule a rehearing.[6] The date on which the rehearing is scheduled "is within the discretion of the Board."[7] When the prisoner "has more than 10 years remaining on the term of his or sentence, not including any credits which may be allowed against his or her sentence," the elapsed time between hearings must not exceed five years.[8] In all other cases, the elapsed time between hearings must not exceed three years.[9]

The applicable five-year period has not been exceeded in this case.[10] Perez-Marquez's argument that accrued good-time credits require the parole board to hold rehearings on some different schedule is frivolous.[11] I therefore grant the respondents' motion and dismiss this action with prejudice.

---

[6] Nev. Rev. Stat. § 213.142(1).

[7] *Id.*

[8] Nev. Rev. Stat. § 213.142(2).

[9] Nev. Rev. Stat. § 213.142(1).

[10] Nor has the three-year period, but the five-year period is the applicable period given the life sentence. NRS 209.4465(7)(b) concerns initial parole eligibility and does not apply to rehearings.

[11] Even if I were to find that this claim is not moot because the issue is capable of repetition yet evading review and that the claim was exhausted and not procedurally defaulted, I would still dismiss this petition with prejudice. The district court can dismiss a possibly unexhausted claim on the merits under 28 U.S.C. § 2254(b)(2) if it is perfectly clear that the petitioner does not raise even a colorable federal claim. *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). It is perfectly clear that Perez-Marquez does not raise even a colorable federal claim. I note that Perez-Marquez arguably presented a different claim to the state district court—he claimed instead that his life sentence had been fully expired by sentence credits and that he was entitled to immediate release without any parole-board action. ECF No. 14-2, at 6; State Court Exhibit 2 to Federal Court Exhibit 6. In all events, his claim in federal court clearly lacks merit (as did the claim in state court). I apply *de novo* review rather than deferential review under 28 U.S.C. § 2254(d) because the state appellate courts did not address the claim on its merits. But, under any standard of review, Perez-Marquez's claim is wholly without any conceivable merit.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that respondents' motion to dismiss **[ECF No. 13] is GRANTED** and **this action is DISMISSED with prejudice**. I decline to issue a certificate of appealability because I conclude that reasonable jurists would not find my assessment of the constitutional claim to be debatable or wrong.

The **Clerk of Court** is directed to dismiss this action with prejudice, **ENTER JUDGMENT in favor of respondents and against Perez-Marquez, and CLOSE THIS CASE**.

Dated: September 13, 2018

_______________________________
U.S. District Judge Jennifer A. Dorsey